**Carpenter, Hazlewood, Delgado & Bolen, LLP**
Attorneys at Law
1400 E. Southern Avenue, Suite 400
Tempe, Arizona 85282
t 480.427.2800 | f 480.427.2801
Chad P. Miesen SBN 024910
Edith I. Rudder SBN 020650
bknotice@carpenterhazlewood.com
VALLEELD.0062

Attorneys for Creditor

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

In re:

Yahir Eduardo Bautista Retana and
Elizabeth Partida,

Debtor(s).

Case No. 2:19-bk-13347-EPB

Chapter 13

**RENEWED OBJECTION TO PLAN CONFIRMATION**

Secured Creditor, Valle Eldorado Homeowners' Association, Inc., (the "Association"), hereby renews its Objection to Plan Confirmation, originally filed on December 2, 2019 (Document No. 21) for the Original Plan, to cover the Amended Plan filed by Debtor on February 27, 2020. Debtors' Plan lists the Association in conflicting classifications and is not addressing payment of the post-petition assessments.

Debtor's Plan lists the Association in conflicting classifications; i.e., the Association is listed in Administrative Expenses and All Claims under Section C(4)(b) for No pre-Petition Mortgage Arrears as well as in Section C(4)(c) as a creditor secured solely by real property with a pre-petition arrearage. The Association's assessment lien is secured solely

by real property and needs to be included in only one category C(4)(c). The amount listed in C(4)(c) is $10,668.37 with no interest, however, interest accrues at twelve percent (12%).

Debtors' Plan does not address payment of the post-petition payments pursuant to the new bankruptcy requirements under *Goudelock v. Sixty-01 Ass'n of Apartment Owners*, 895 F.3d 633 (9th Cir. 2018). *See, also,* Bank. L.R. 2084-4. In *Goudelock*, the Ninth Circuit stated:

> The Bankruptcy Code defines "debt" as a "liability on a claim." 11 U.S.C § 101(12). In turn, 11 U.S.C. § 101(5)(A) defines a "claim," (and thus, a debt) as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." This definition of a claim is very broad, encompassing all of a debtor's obligations "*no matter how remote or contingent.*" *In re SNTL Corp.*, 571 F.3d 826, 838 (9th Cir. 2009) (quoting *In re Jensen*, 995 F.2d 925, 929 (9th Cir. 1993) ); *see also, e.g., Rosteck*, 899 F.2d at 696; *In re Christian Life Ctr.*, 821 F.2d 1370, 1375 (9th Cir. 1987) (stating that Congress intended to provide " 'the broadest possible definition' of claims so that 'all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case.'" (quoting S. Rep. No. 95-989, at 22 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5808)).
>
> Thus, the obligation to pay [condominium association] assessments is a debt since it creates a right to payment. *See* 11 U.S.C. § 101(5)(A). The fact that the future assessments may be a contingent and unmatured form of the debt does not alter this analysis. *See, e.g., id.*; *SNTL Corp.*, 571 F.3d at 838.

*Goudelock*, 895 F.3d at 637-38.

The court went on to hold that in the Ninth Circuit, courts use the "fair contemplation" test to determine when a claim arises. *Id.* (citing *SNTL Corp.*, 571 F.3d at 839). This test provides that "a claim arises when a claimant can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under nonbankruptcy law." *Id.*

The court reasoned that at the time of the purchase of a condominium unit, the condominium association can fairly contemplate that the monthly assessments will continue to accrue based upon such owner's continued ownership of the condominium unit. Thus, such owner's *in personam* obligation to pay condominium assessments arises when the owner purchased the condominium unit. *Id.* (citing *Rosteck*, 899 F.2d at 696 (concluding that the debtors "had a debt for future condominium assessments when they filed their bankruptcy petition" in light of the pre-petition obligation in the declaration)).

"Before becoming due each month, the assessments, which are part of the pre-petition debt, are unmatured and are also contingent upon continued ownership of the property. Unmatured contingent debts are, however, dischargeable under Section 1328(a)." *Id.* (citing 11 U.S.C. § 101(5)(A); *Coonfield*, 517 B.R. at 242 (providing that a homeowners association "possesses its claim by virtue of [the debtors] acquiring title to the condominium and subsequent assessments are a consequence of, and mature from, the act that gave rise to such claim. Thus, absent the debtors' pre-petition act of taking title, the Homeowners Association would not have a claim")).

The Association's assessment lien is secured solely by real property and thus, must be addressed in the Plan pursuant to Section C(4)(a), (b) or (c). The Association contends that *Goudelock* and Rule 2084-4 require that the assessment lien (consensual pursuant to Article VII Section 7.1 of the Declaration of Valle Eldorado Homeowners' Association, Inc. recorded at Instrument No. 99-0357658 in the Office of the Maricopa County Recorder and A.R.S. §33-1807) should be treated, at least administratively, in the same manner as a mortgage. The only difference is that the amount of the debt is not fixed. Thus, because

3

Debtor's owes prepetition arrearage to the Association, it should be listed in Section C(4)(c) and all post-petition payments must be made through the Plan. The Association will be filing an amended Proof of Claim to address the post-petition payments.

Therefore, the Association respectfully requests that it receive the Plan payments and required post-petition assessment payments through the Plan in the normal course. In the alternative, the Association will accept the following as non-standard provision in Section H of the Plan:

> Valle Eldorado Homeowners' Association, Inc., secured by Debtors' residence, shall be paid the prepetition arrearage of $14,312.94 with 12% interest. Debtors will make regular post-petition payments directly to the Association. Valle Eldorado Homeowners' Association, Inc. shall retain its lien regarding the pre-petition arrears until the entire pre-petition arrears have been paid through this Plan.

The Association files this objection to preserve this issue while the parties negotiate the terms of the Stipulated Order of Confirmation.

DATED this ⎯⎯ day of March, 2020

CARPENTER, HAZLEWOOD, DELGADO & BOLEN, LLP

By: ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Edith I. Rudder
1400 E. Southern Ave., Suite 400
Tempe, Arizona 85282
Phone: (480) 427-2800
bknotice@carpenterhazlewood.com

COPY of the foregoing mailed
this ⎯⎯ day of March, 2020, to:

1  Yahir Eduardo Bautista Retana
2  and Elizabeth Partida
   7128 W. Hilton Ave.
3  Phoenix, AZ  85043
4  *Debtor(s)*

5  Thomas Adams McAvity
   c/o Phoenix Fresh Start Bankruptcy Attorneys
6  4602 E Thomas Rd, Ste S-9
7  Phoenix, AZ 85028
   *Attorney for Debtor(s)*
8

9  Edward J. Maney
   101 N. First Avenue
10 Suite 1775
11 Phoenix, AZ 85003   b b
   *Trustee*
12

13 */s/ Carolina Murphey*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5